IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREG W. SCHOENLEIN, #A5019148, | ) ) ) | CIV. NO. 12-00046 DAE-KSC |
| Petitioner, | ) ) ) | AMENDED FINDINGS AND RECOMMENDATION RE: EXHAUSTION |
| vs. | ) ) | OF STATE REMEDIES |
| HAWAII DEPT. OF PUBLIC SAFETY/SAGUARO CORR'L FACILITY, TODD THOMAS, | ) ) ) ) | |
| Respondent. | ) ) | |

**AMENDED FINDINGS AND RECOMMENDATION
RE: EXHAUSTION OF STATE REMEDIES**

Before the court is Greg W. Schoenlein's Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Amended Petition"). ECF #15-1. Schoenlein challenges his Hawaii state court convictions in CR Nos. 04-2287 and 05-2431. ECF #1, Pet. at 1. Respondent has filed a preliminary Answer to the original Petition and a supplemental Answer addressing new claims raised in the Amended Petition. ECF #13, #19. Respondent moves for dismissal, arguing that the Amended Petition is not fully-exhausted and contains non-cognizable claims. Schoenlein has filed a Response. ECF #22.

After a careful review of the entire record, the court finds that the Amended Petition is not fully-exhausted and recommends that Schoenlein be required to elect how to proceed with respect to his unexhausted claims. Schoenlein is DIRECTED TO NOTIFY the court within twenty-one [21] days whether he will

amend the Amended Petition to conform with this finding and proceed with his remaining exhausted claims, dismiss the Amended Petition without prejudice so that he may return to the state courts to fully-exhaust his claims, or seek a stay of the mixed Amended Petition.

## I. BACKGROUND

Schoenlein challenges the September 22, 2008, judgments of the Circuit Court of the First Circuit ("circuit court"), convicting him of Theft in the Second Degree, Attempted Escape in the Second Degree, and Attempted Escape in the First Degree.[1]

**A.  State Court Procedural History**

Schoenlein directly appealed the theft conviction, App. No. 29269, arguing that the circuit court violated his speedy trial rights under: (1) Rule 48 of the Hawaii Rules of Penal Procedure ("HRPP"); (2) the Interstate Agreement on Detainers ("IAD"), HRS § 834-1 (1993); (3) and the United States and Hawaii Constitutions.  Schoenlein also appealed the attempted escape conviction, App. No. 29270, arguing: (1) violation of speedy trial rights under HRPP 48 and the state and federal Constitutions, (2) various violations of the IAD, (3) violation

---

[1] In violation of Hawaii Revised Statutes ("HRS") § 708-831(1)(b) (Supp. 2010) (Theft in Second Degree), HRS §§ 710-1021 and 705-500 (1993)(Attempted Escape in Second Degree), and HRS §§ 710-1020 and 705-500 (1993) (Attempted Escape in First Degree).

of HRPP 9, (4) insufficient evidence, and (5) cruel and unusual punishment.

On May 11, 2010, while his direct appeal was pending, Schoenlein filed a state post-conviction petition pursuant to HRPP 40 ("First Rule 40 Petition"), SPP No. 10-1-0028. *See* App. M, ECF #13-14. Schoenlein complained that the Hawaii Department of Safety ("DPS") had miscalculated his pre-sentence credits. The State answered the First Rule 40 Petition on July 30, 2010, and Schoenlein filed a Reply on August 17, 2010. *See* Apps. N & O, ECF #13-15, 13-16.

On May 10, 2011, while his direct appeal and First Rule 40 Petition were both pending before the state courts, Schoenlein filed his Second Rule 40 Petition, asserting that his sentence was unlawful. App. P, ECF #13-17. Although this petition's claims were unclear, it appears that Schoenlein argued that his pre-term confinement time should be applied to both of his convictions, not just his theft conviction in CR No. 04-2287.

On June 30, 2011, the Hawaii Intermediate Court of Appeals ("ICA"), affirmed Schoenlein's convictions and sentences. *See* App. F (*State v. Schoenlein*, Nos. 29269 and 29270, Haw. App. 2011), ECF #13-7. The Hawaii Supreme Court denied *certiorari* on November 7, 2011. App. L, ECF #13-13.

On February 7, 2012, Schoenlein sought a writ of mandamus from the Hawaii Supreme Court directing the State to

3

answer his Second Rule 40 Petition, which had been pending unanswered for almost nine months. App. Y ("Appeal from Illegal Sentence (Mandamus), ECF #13-26. The Hawaii Supreme Court ordered the Honorable Steven Alm and Respondents to file answers to Schoenlein's mandamus petition explaining why the Second Rule 40 Petition had neither been answered nor otherwise disposed of by the court. *See* App. Z, ECF #13-27.

Thereafter, on March 1 and 2, 2012, the Deputy Attorney General and the Deputy Prosecuting Attorney answered Schoenlein's Second Rule 40 Petition. Apps. Q & R, ECF #13-18, #13-19. On March 6, 2012, the Deputy Attorney General filed a second Answer to the Second Rule 40 Petition, conceding that the DPS had miscalculated Schoenlein's pre-sentence credits, under crediting him by **413** days. App. R, ECF #13-20 at 14. On March 12 and 13, 2012, the circuit court found that, although Schoenlein had been under credited for his pre-trial confinement, this matter was resolved and was now moot. The court further found that Schoenlein was not entitled to "double credit," that is, pre-trial credit applied to both convictions, and denied Schoenlein's First and Second Rule 40 Petitions. *See* Apps. T, U, V, ECF #21-23. Schoenlein did not appeal this decision.

**B. Federal Court Procedural History**

On January 20, 2012, while his First and Second Rule 40 Petitions were pending in the state courts, Schoenlein filed the

present Petition, raising four grounds for relief: (1) ineffective assistance of trial and appellate counsel (Ground One); (2) violations of the IAD time limits for bringing a case to trial (Ground Two); (3) violation of HRPP 9 (Ground Three); and (4) his sentence violates the Eighth Amendment (Ground Four). ECF #1, Pet. at 6-7, 9, 12. In the Petition, Schoenlein admitted that he had not raised his ineffective assistance of trial and appellate counsel claims on direct appeal. Schoenlein asserted, however, that these claims were pending in his First or Second Rule 40 Petitions.

On January 30, 2012, this court ordered Schoenlein to show cause and explain whether any of the grounds for relief in his federal Petition were pending in his Rule 40 Petitions. ECF #4. Schoenlein did not explicitly answer the show cause order, but rather, vaguely alleged that his attempts at Rule 40 relief were futile because "the Respondent and the [state] court have grossly failed to appropriately res[p]ond in a timely and professional manner," leaving him no other means to seek relief but the federal court. Response to Order to Show Cause, ECF #61 at 2-3.

On March 2, 2012, this court ordered Respondent to file a preliminary answer explaining the procedural posture of Schoenlein's claims in the state courts and addressing his argument that recourse to the state courts was futile. *See*

5

Preliminary Ord. to Show Cause, ECF #7. Schoenlein was given the opportunity to respond to the Preliminary Answer and the court again carefully explained the parameters of the exhaustion doctrine so that he might do so. *Id.* at 4-6.

Schoenlein then moved to amend the Petition to add Ground Five, alleging that the circuit court denied him representation by his pre-trial attorney, Randy Hironaka, Esq. Mot., ECF #8. Schoenlein asserted that this claim had been inadvertently omitted from the Petition. The court denied the motion without prejudice because Schoenlein failed to provide a proposed amended petition with his motion. ECF #9.

On April 6, 2012, Schoenlein cryptically notified the court that his Rule 40 Petitions had been denied, stating that he was "now conforming to Federal Rule of procedure of 'exhausting' State post-conviction proceedings. The Circuit Court had denied the Petitioner's HRPP Rule 40 Petition and now has complied to this 'exhaustion' Rule." Notice, ECF #10 at 1.

Because the court could not determine from this Notice whether Schoenlein believed that he had now exhausted his claims or whether he intended to appeal the denial of his Rule 40 Petitions to fully-exhaust his claims, the court held a status conference on April 10, 2012. ECF #12. When asked if he planned to appeal the circuit court's decisions denying his Rule 40 Petitions, Schoenlein declared that he was not.

On April 12, 2012, the State filed its Preliminary Answer, ECF #14, and Schoenlein moved to amend the Petition to add *two* new grounds for relief, ECF #15. The court granted Schoenlein's motion to amend, ECF #18, and Respondent filed a supplemental Preliminary Answer addressing Schoenlein's new claims, ECF #19. Schoenlein filed his Response on June 22, 2012. ECF #22.

**C.  Schoenlein's Grounds for Relief**

The Amended Petition raises six grounds for relief: (1) ineffective assistance of trial and appellate counsel (Ground One); (2) violations of the IAD (Ground Two); (3) violation of HRPP 9 (Ground Three); (4) violation of the Eighth Amendment (Ground Four); (5) denial of counsel during pre-trial proceedings and at his minimum term hearing (Ground Five); and (6) violation of his plea agreement by the Hawaii Paroling Authority ("HPA") (Ground Six). Amended Pet., ECF #15-1 at 5-9, 11, 14, 15.

## II.  **LEGAL STANDARD**

A writ of habeas corpus may not be granted unless the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "This requirement is 'grounded in principles of comity[,] as it gives states the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009) (quoting *Wooten*

*v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (internal quotation marks omitted)). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

Exhaustion requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process is not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion."). A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*); *cf.*

8

*Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005) (mere citation to a state case that conducts both a state and federal law analysis does not, by itself, satisfy exhaustion).

Moreover, a federal court may not consider a "mixed petition" that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 522 (1982). When the district court determines that a habeas petition is mixed, the petitioner may opt to: (1) voluntarily dismiss the mixed petition without prejudice to refiling after full exhaustion of all claims in the state court; (2) delete and abandon the unexhausted claims and proceed on the exhausted claims;[2] (3) delete the unexhausted claims and request that the now fully-exhausted petition be held in abeyance while he exhausts state remedies, later amending the petition to add the newly exhausted claims;[3] or (4) request a stay of the proceedings, holding the *mixed* petition in abeyance while he exhausts his state remedies, if good cause exists for his failure to exhaust. *See Rhines v. Webber*, 544 U.S. 269, 277 (2005); *Pliler v. Ford*, 542 U.S. 225, 231-32 (2004); *King*, 564 F.3d at 1140-41 (explaining that good cause is not required for a stay and abeyance of fully-exhausted petitions, but cautioning

---

[2] The deleted claims are considered abandoned because the petitioner cannot normally reassert them in a second federal habeas petition even if they are later exhausted in the state courts. *See* 28 U.S.C. § 2244(b)(1-2).

[3] *See Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (hereinafter "the *Kelly* procedure").

that the deleted claims may be time-barred upon their representation to the district court).

### III. DISCUSSION

Respondent argues that the Amended Petition is mixed, because Schoenlein's claims in Grounds One, Five, and Six are unexhausted. Respondent further argues that Grounds Two and Three fail to present any federal claim for relief. Schoenlein agrees that the Amended Petition is mixed. Schoenlein appears to argue, however, that because he brought his claims to the circuit court in his Rule 40 Petitions and sought mandamus relief to conclude those proceedings, and has sought relief from the HPA, he has fully-exhausted his claims. *See* Pet'r Response, ECF #22 at 2, 6-8.

**A. The Petition is Mixed**

First, Schoenlein failed to exhaust any claims that he presented in his First and Second Rule 40 Petitions. Although this court carefully informed him of the exhaustion requirement in the January 30, 2012 Order to Show Cause, and the March 2, 2012 Preliminary Order to Show Cause, and held a status conference after the circuit court denied his Rule 40 Petitions to determine what course Schoenlein would take in the state courts, Schoenlein chose not to appeal the circuit court's determinations. Any claims that Schoenlein presented in his Rule 40 Petitions are therefore unexhausted.

Second, Schoenlein did not raise a claim of ineffective assistance of trial or appellate counsel on direct appeal. Schoenlein admits this. *See* Amended Pet., ECF #15-1 at 7 ("Appellant Att. refused to include this within appeal."). Schoenlein alleged that he raised these claims in his Rule 40 Petitions in his Amended Petition, *id.*, but contradicts himself in his Response to the Order to Show Cause, stating, "the petitioners [sic] HRPP Rule 40 does not include an ineffective counsel claim. The petitioners [sic] direct appeal and writ for certiorari made these claims." ECF #6-1 at 2.

The record does not support Schoenlein's allegation that he raised ineffective assistance of trial and appellate counsel claims on direct appeal. It is also extremely unlikely that his appellate attorney would have raised such claims because Schoenlein explicitly gave up "the right to appeal anything that has happened in this case to date[e]" except for "review of the Court's denial of DEFENDANT'S MOTION TO DISMISS INDICTMENT FILED DECEMBER 17, 2004, FOR VIOLATION OF RULE 48 OF THE HAWAII RULES OF PENAL PROCEDURE, SPEEDY TRIAL AND CHAPTER 834 OF THE HAWAII REVISED STATUTES." *See* App. B Pet'r Plea Agreement, ECF #13-3 at 2-3. Moreover, Schoenlein's appellate attorney could not raise a lack of effectiveness claim against *himself* on direct appeal. That claim is necessarily precluded from direct appeal and must

be brought in a post-conviction motion.[4]  See HRPP 40.
Schoenlein's claims of ineffective assistance of trial and
appellate counsel in Ground One are unexhausted.

Third, Schoenlein's claims in Grounds Five and Six are
clearly unexhausted because they were not raised on direct
appeal.  Schoenlein concedes that these claims could not be
raised on direct appeal as their operative facts, the
miscalculation of his pre-sentence credits, had not yet occurred
when he commenced his appeal.  Schoenlein properly raised these
claims in his Rule 40 Petitions, see HRPP 40(a)(1)(iii) & (2).
He failed, however, to exhaust these claims by declining to
appeal the circuit court's judgment.

Schoenlein's remaining claims in Grounds Two, Three,
and Four were raised on direct appeal and are exhausted.  The
court finds that Schoenlein's IAD and Eighth Amendment claims in
Grounds Two and Four, present a federal question.[5]  Shoenlein's

---

[4] Schoenlein does not explain why *he* did not raise an ineffective assistance of appellate counsel claim in either of his Rule 40 Petitions.

[5] The IAD is a compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one state's outstanding charges against a prisoner of another state.  18 U.S.C. App. § 2.  Hawaii's participation in the IAD is codified at HRS § 834-1 (1993). "[W]hile the IAD is a matter of state law, it is simultaneously, by virtue of the federal government's accession, a matter of federal law-open to construction and interpretation by the federal courts." *Maggard v. Gammon*, 197 F. Supp. 2d 1321, 1329 (D. Kan. 2002).  Thus, by raising an IAD claim on direct appeal, Schoenlein necessarily raised a federal claim.

12

claim in Ground Three, however, that the State violated HRPP 9, presents only a question of state law and is not cognizable on federal habeas review. *See* 28 U.S.C. §§ 2241, 2254 (stating that habeas relief is available to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions").

**B.     Schoenlein's Options**

Schoenlein has several options. He may delete the unexhausted claims in his Amended Petition and proceed in this action with only his exhausted claims. Or he may voluntarily dismiss this action, bring his unexhausted claims to the state court, and when all of his claims are properly exhausted he may file a new action. While his claims are pending in state court, the statute of limitation is tolled. *See* 28 U.S.C. § 2244(d)(2). Moreover, because the statute of limitation was tolled during the entire time Schoenlein was on direct appeal and awaiting resolution of his Rule 40 Petitions, and for thirty days thereafter, the statute of limitation will not expire on his claims until April 11 and 12, 2013, one year after the circuit court denied his First and Second Rule 40 Petitions. This allows Schoenlein at least eight months to raise his unexhausted claims in the state court, thus triggering AEDPA's tolling provisions

13

again.

In the alternative, Schoenlein may invoke the *Kelly* procedure. To do so, he must delete his unexhausted claims in the Amended Petition and request this court's discretion to stay the fully-exhausted Petition while he exhausts his deleted claims in state court. When those claims are fully-exhausted, he may amend the stayed federal petition to include the now fully-exhausted claims. As noted above, Schoenlein need not show good cause to invoke the *Kelly* procedure. *See King*, 564 F.3d at 1140.[6] A district court still retains discretion concerning whether or not to grant a stay. *Kelly*, 315 F.3d at 1070. A stay is clearly appropriate when declining to do so would cause otherwise valid claims to be forfeited. *Id.* Conversely, a court may properly deny staying an exhausted habeas petition when the relation-back requirement outlined in *Mayle* would prevent the petitioner from ever successfully amending his claim. *King*, 564 F.3d. at 1141-2.

Finally, as set forth in *Rhines*, Schoenlein may move

---

[6] Invoking the *Kelly* procedure can pose difficulties. *See King*, 564 F.3d at 1141. Under the *Kelly* procedure, Schoenlein's unexhausted claims are still subject to AEDPA's one year statute of limitations. *Id.* Later-exhausted claims may be added to a pending federal petition only if they share a "common core of operative facts" with the claims in the pending petition. *See Mayle v. Felix*, 545 U.S. 644 (2005). A new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." *Id.* at 662-64.

14

the court to stay the mixed Petition and hold it in abeyance to allow him to present his unexhausted claims to the state court, and then return to federal court for review of his perfected petition. 544 U.S. at 271-72. If Schoenlein opts for this procedure, however, he must show good cause, something it is doubtful he can show on the present record.[7]

## IV. CONCLUSION

Accordingly, IT IS RECOMMENDED that Schoenlein SHALL NOTIFY the court within twenty-one [21] days, **on or before September 6, 2012**, how he elects to proceed. Schoenlein may:

(1) Voluntarily dismiss this action without prejudice;

(2) File an Amended Petition containing only the claims identified herein as unexhausted and proceed;

(3) File an Amended Petition containing only the claims identified herein as unexhausted and request a stay of the fully-exhausted Amended Petition while he exhausts the unexhausted claims pursuant to the *Kelly* procedure; or

---

[7] Stays are only available in limited situations, when the district court determines that the petitioner had good cause for his failure to exhaust, his claims are not plainly meritless, and he has not engaged in "abusive litigation tactics or intentional delay." *Rhines,* 544 U.S. at 277-78. Schoenlein was represented by counsel on appeal, making it unlikely that he can show good cause for failing to properly raise his claims on appeal, rather than as counsel's strategic decision to raise the unexhausted claims under state law only. Moreover, Schoenlein could have pursued his claims in his First and Second Rule 40 Petitions but failed to include them and then chose to prematurely commence suit in federal court. These factors counsel against a finding of good cause.

15

(4) Request a stay of the Amended Petition pursuant to *Rhines v. Webber*, 544 U.S. 269 (2005).

Thereafter, the court will determine whether further briefing is required. The Clerk is DIRECTED to send Schoenlein a blank petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, so that he can comply with this Findings and Recommendation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 16, 2012.



Kevin S.C. Chang
United States Magistrate Judge

*Schoenlein v. Hawaii Dep't of Public Safety*, 1:12-cv-00046 DAE-KSC; AMENDED FINDINGS AND RECOMMENDATION RE: EXHAUSTION OF STATE REMEDIES